ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21(A),[1] the Office of Disciplinary Counsel *518 (“0DC”) has filed a motion for reciprocal discipline against respondent, John Sell-mann Hilbert, an attorney licensed to practice law in the States of Louisiana and California, based upon discipline imposed by the Supreme Court of California.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In July 2000, respondent and the Office of the Chief Trial Counsel of the State Bar of California entered into a consent discipline proceeding. In connection with that matter, respondent stipulated that between April 1998 and January 2000, he deposited and maintained in his client trust account funds which belonged to him and to businesses that he owned in whole or in part.[2] Respondent stipulated that this conduct constituted commingling of client funds with his own, in willful violation of Rule 4-100(A) of the California Rules of Professional Conduct. Respondent further | ¡.stipulated that on six occasions between August 12, 1998 and November 17, 1999, he issued checks drawn on his trust account when he knew or should have known “there were insufficient funds in his trust account upon which the check could be honored.” These checks totaled $102,711.81; however, respondent made good on all the NSF checks, and no clients or business associates suffered any monetary losses as a result of respondent’s conduct. Respondent stipulated that by issuing the NSF cheeks, he committed an act or acts involving moral turpitude, dishonesty, or corruption, in willful violation of section 6106 of the California Business and Professions Code.
In mitigation, the parties agreed that respondent displayed spontaneous candor and cooperation to the State Bar during the disciplinary investigation and proceedings. The parties agreed that no aggravating factors are involved. Under the circumstances, the parties agreed that a fully deferred six-month suspension, subject to a two-year period of probation with conditions,[3] is appropriate and adequately protects the public.
By order dated July 12, 2000, the Hearing Department of the State Bar Court approved the stipulated facts and disposition. On July 20, 2000, the order was modified, sua sponte, to require respondent to provide proof of passage of the Multistate Professional Responsibility Examination (“MPRE”) to the Probation Unit of the Office of the Chief Trial Counsel within one year.
By judgment filed on October 30, 2000, the Supreme Court of California suspended respondent from the practice of law for six months. The execution of the suspension was stayed and respondent was placed on probation for two years, subject to the conditions of probation recommended by the Hearing Department of the State REar Court in its Order Approving Stipulation executed on July 12, 2000, as modified by its order filed July 20, 2000. The court *519 further ordered respondent to take and pass the MPRE -within one year, and awarded costs to the State Bar. In re John Sellmann Hilbert on Discipline, No. S090916 on the docket of the Supreme Court of California.
By order of this court dated February 18, 2003, respondent was given thirty days pursuant to Supreme Court Rule XIX, § 21(D)[4] to show why the imposition of discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The imposition of reciprocal discipline against respondent based upon the California judgment is clearly appropriate under the facts of this case. Respondent has failed to file any pleadings in this court demonstrating that the imposition of identical discipline in Louisiana would be unwarranted, and there is no suggestion of such upon |4the face of the record before us. Moreover, there is little doubt that respondent’s conduct would warrant discipline in Louisiana, given that it involves commingling of client funds and writing NSF checks on his trust account.
Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that John Sellmann Hilbert, Louisiana Bar Roll number 16972, be suspended from the practice of law in Louisiana for six months. It is further ordered that this suspension shall be fully deferred, and respondent shall be placed on probation for two years, subject to the conditions set forth by the Supreme Court of California in its order imposing discipline in In re John Sellmann Hilbert on Discipline, No. S090916 on the docket of the Supreme Court of California.

. Supreme Court Rule XIX, § 21(A) provides:
Upon being disciplined by another slate disciplinary agency, a lawyer admitted to prac *518 tice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.

. The record reflects that the businesses were separate from respondent’s law practice and included Harbert Entertainment Group, LLC (which operated a nightclub), and Heritage Research Group and International Asset Researchers (two genealogical research firms).

. The substantive conditions of probation include a requirement that respondent attend the State Bar Ethics School and the State Bar Client Trust Accounting School, and take and pass the examination given at the end of the sessions.

. Supreme Court Rule XIX, § 21(D) provides:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.